His.Honor, JOHN ST. PAUL,
rendered the .opinion and decree of the Court, as follows:
This is .an action to compel defendant to accept title to a lot of ground forming part of a larger tract which Wm. H. Howcott sold to Henry Yoelker and Horace Sherman by deed dated January 15th, 1901. (C. O. Bk., 188, fol. 588.)
The present plaintiffs hold by mesne conveyances and by inheritance. Howcott had acquired by a tax sale which now seems void.
On October 1st, 1902, Yoelker and Sherman divided the property in kind, Voelker taking the half of the property of which the present lot forms part. (C. O. Bk 188, fol. 675.)
It is shown by the testimony of Voelker that he took immediate possession of the part allotted to him, fenced it, planted trees upon it, and paid taxes thereon; that he *105 afterwards sub-divided and sold it to various parties wfto further improved it and have continued in possession thereof until the present day.
Opinion and decree, December 20th, 1915.
We'think the above recital shows a title translative of property, good faith, and possession sufficient to support the prescription of ten years; provided the former owner were one against whom.prescription could run.
Now it is admitted that the title to the property (unless divested by prescription) stands in the name of Pierre Reynaud, who acquired March 9th, 1832 (that is to say more than 80 years ago>).
If Pierre Reynaud be still alive prescription has clearly run against him. C. C., 3521. If dead, his succession is vacant, since no one has ever claimed it and his heirs are unknown, and prescription has equally run against it. C. 1095, 3526. In either case the prescription ran, and the title herein tendered is good.
Judgment affirmed, plaintiffs to pay the cost of making their proofs, that is to say, the costs of the Court below, and defendant to pay the costs of appeal.